UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

STEVEN JON WILCOX,

     Plaintiff,       Case No. 2:20-cv-242

v.              Honorable Janet T. Neff

UNKNOWN KIENITZ et al.,

     Defendants.
_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

   This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983.

Plaintiff sought leave to proceed *in forma pauperis*.  The Court initially granted Plaintiff leave to

so proceed.  (Order, ECF No. 5.)  The Court granted Plaintiff leave despite the fact that, when the

Court considered Plaintiff's motion, Plaintiff had filed five complaints that had been dismissed for

failure to state a claim upon which relief might be granted.  All of those complaints, however, were

dismissed after October 1, 2020, the date Plaintiff purportedly signed the complaint.[1]  For that

reason, the Court concluded Plaintiff was not barred from proceeding *in forma pauperis* by 28

U.S.C. § 1915(g).

    After granting Plaintiff *in forma pauperis* status, the Court proceeded to review the

case under 28 U.S.C. §§ 1915(e), 1915A and 42 U.S.C. § 1997e(c)(1).  That review revealed

evidence to contradict the assumption that Plaintiff handed over the complaint for mailing on the

---

[1] Under the "prison mailbox rule" a pro se prisoner's complaint is deemed filed when it is handed over to prison
officials for mailing to the court. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).  "Cases expand the understanding
of this handing-over rule with an assumption that, absent contrary evidence, a prisoner does so on the date he or she
signed the complaint."  *Id*. (citations omitted).

date he purportedly signed the complaint.   Specifically, the complaint references events that occurred after October 1, 2020.  (Compl., ECF No. 1, PageID.5) ("I was not provided with any notice of the DOM or the changes to the mail policy prior to 10-11-20, four days before it became effective.")  Additionally, Plaintiff's motion for leave to proceed *in forma pauperis*, which was mailed to the Court in the same envelope as the complaint, was purportedly signed on October 11, 2020.  (Mot., ECF No. 2, PageID.11.)  Finally, Plaintiff's trust account certificate was signed by his facility's business manager on November 17, 2020 (ECF No. 2-1, PageID.14), and a transaction summary that reflects transactions from October 1, 2020, through November 17, 2020, is included. (ECF No. 2-1, PageID.23–24.)  The assumption that Plaintiff handed the complaint over on the date he purportedly signed it—October 1, 2020—is, therefore, invalid.

Plaintiff's complaint was postmarked December 5, 2020, and docketed by the Court on December 9, 2020.  Based on the typical lag between the postmark date and the signature date of Petitioner's submission in this case and others, the Court concludes that Petitioner handed over his complaint for filing no earlier than the date the Court dismissed, for failure to state a claim, Plaintiff's complaint in *Wilson v. Schroeder et al.*, No. 2:20-cv-218 (W.D. Mich.)—Plaintiff's third such dismissal.

Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g).  Accordingly, the Court will vacate the February 1, 2021 order granting Plaintiff leave to proceed *in forma pauperis*.  (ECF No. 5.)  The Court will order Plaintiff to pay the $402.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[2]  This fee

---

[2] The filing fee for a civil action is $350.00.  28 U.S.C. § 1914(a).  The Clerk is also directed to collect a miscellaneous administrative fee of $52.00.   28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.  The miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." *Id*.

must be paid within twenty-eight (28) days of this opinion and accompanying order.  If Plaintiff

fails to pay the fee, the Court will order that this case be dismissed without prejudice.  Even if the

case is dismissed, Plaintiff must pay the $402.00 filing fees in accordance with *In re Alea*, 286

F.3d 378, 380–81 (6th Cir. 2002).

### Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321

(1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's

request for the privilege of proceeding *in forma pauperis*.  As the Sixth Circuit has stated, the

PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are

meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton*

*v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).  For that reason, Congress created the right

economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.*  For

example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed

*in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C.

§ 1915(b).  The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth

Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA

by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files

meritless lawsuits.  Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action
> or proceeding under [the section governing proceedings *in forma pauperis*] if the
> prisoner has, on 3 or more prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the United States that was
> dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon
> which relief may be granted, unless the prisoner is under imminent danger of
> serious physical injury.

28 U.S.C. § 1915(g).  The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal.  The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury."  The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation.  *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan.  In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim.  *See Wilcox v. Supnick et al.*, No. 2:20-cv-172 (W.D. Mich. Oct. 19, 2020); *Wilcox v. Washington et al.*, No. 2:20-cv-221 (W.D. Mich. Nov. 17, 2020); *Wilcox v. Schroeder et al.*, No. 2:20-cv-218 (W.D. Mich. Dec. 1, 2020); *Wilcox v. Mnuchin et al.*, No. 2:20-cv-211 (W.D. Mich. Jan. 4, 2021); *Wilcox v. Lancour et al.*, No. 2:20-cv-183 (W.D. Mich. Jan. 22, 2021).  All of Plaintiff's dismissals were entered after enactment of the PLRA on April 26, 1996.  Three of Plaintiff's dismissals preceded the filing of the instant complaint.

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule.  28 U.S.C. § 1915(g).  Plaintiff does not allege facts showing that he is in imminent danger of serious physical injury.  His complaint relates to the rejection of mail during September of 2020.

Therefore, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action.  Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the civil action filing fees, which total $402.00.  When Plaintiff pays his filing fees, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c).  If Plaintiff does not

pay the filing fees within the 28-day period, this case will be dismissed without prejudice, but

Plaintiff will continue to be responsible for payment of the $402.00 filing fees.


Dated:   May 6, 2021                              /s/ Janet T. Neff
                                                  Janet T. Neff
                                                  United States District Judge


**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
330 Federal Bldg.
202 W. Washington St.
PO Box 698
Marquette, MI 49855

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**